Citation Nr: 1710346 
Decision Date: 03/31/17 Archive Date: 04/11/17

DOCKET NO. 10-48 493 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for chondrosarcoma, to include as secondary to service-connected residuals of benign bone tumor (fibroma) removal from the left tibia. 


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Y. Taylor, Associate Counsel



INTRODUCTION

The Veteran served on active duty in the U.S. Air Force from October 1969 to April 1973.

This matter initially came before the Board of Veterans' Appeals (Board) on appeal from a September 2010 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. The Board, in a May 2013 decision, denied the claim. The Veteran appealed, pro se, to the U.S. Court of Appeals for Veterans Claims (CAVC). Via an order issued following an August 2014 Memorandum Decision, the CAVC vacated the Board's decision and remanded the claim to the Board for actions consistent with its order. In March 2015, September 2015, and January 2016, the Board remanded the claim for additional development pursuant to the CAVC order, and it has been returned to the Board for further review. 

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing system. Accordingly, any future consideration of the Veteran's case should take into account the existence of this electronic record. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

As noted above, this case has been subject to multiple remands for development, with each resultant exam raising additional questions that need further clarification or reconciliation with what has gone before.

The matter originally stemmed from a September 2010 examination which, after reviewing multiple studies done earlier in 2010 concluded in pertinent part that:

Based on the evidence available it does not appear that the Veteran has a low grade chondrosarcoma. Even if the Veteran did have a low grade chondrosarcoma it would not be secondary to his service connected excision of a benign fibroma. A fibroma is a benign lesion that does not transform into a malignant lesion. A chondrosarcoma would be a wholly separate and different neoplasm.

In its August 2014 memorandum decision, the CAVC took judicial notice of the definition of chondrosarcoma in Dorland's Illustrated Medical Dictionary, which said that a chondrosarcoma "may be primary, arising from cartilage cells, or secondary to a pre-existing benign legion." Dorland's Illustrated Medical Dictionary, 353 (32nd ed. 2012). The CAVC found a discrepancy between this definition and the September 2010 VA examiner's rationale and remanded the claim for further development to address this discrepancy. Subsequently, the Board incorporated this CAVC order in its March 2015, September 2015, and January 2016 remands. 

Subsequent to those remands it appears essentially indicated that there is no current evidence that the Veteran now has or has ever had a chondrosarcoma. Examination findings in April 2015 suggested the presence of a benign tumor, which on one report was described as aggressive. The examination report did not, further discussion the Dorland's definition as raised by CAVC. Thus the matter was remanded again.

The 2016 examination, with addendum following additional studies concludes that:

Thus far, this Veteran has never been diagnosed with a chondrosarcoma. He has had a benign ossifying lipofibroma removed in 1970-71; follow-up imaging studies have been consistent with a localized residual scar with sclerosis. However, since the MRI in 2010 did reference a session in the proximal tibia, repeat MRI has been ordered, to check the surgical area once again more thoroughly.

That MRI done later in 2016 resulted in a finding of "[s]table post treatment sclerotic changes in the proximal tibial metaphysis compared to prior x-rays and MRI.

In view of this finding, it would appear that since there is not now, and apparently never has been a chondrosarcoma present that further discussion of the Dorland's definition is not indicated. However, for that determination to be complete, given the development of this case, that is a determination that a medical person should likely make.

Moreover, there remains the issue of whether there was an "aggressive" benign tumor changing n 2015, or whether essentially no current abnormality is shown. Reference to the 2015 studies must be made to affirmatively put this matter to rest.

Accordingly, the case is REMANDED for the following action:

1. Obtain an addendum opinion from the January 2016 VA examiner, or, if unavailable, from another appropriate examiner. This opinion should reflect review of the 2010 studies and the 2015 studies in the electronic file. It should be clearly ascertained:

(A) Whether a chondrosarcoma is now or was ever present;

(B) Whether, if so, it could have stemmed from the benign tumor noted in service; (IF SO, AT THIS POINT THE EXAMINER MUST RECONCILE THIS FINDING WITH THE DORLAND'S DEFINITION OTHERWISE AT ISSUE IN THIS CASE TO THIS POINT;)
(C) If no chondrosarcoma has ever been present, the examiner should so state, and indicate whether any further discussion of the Dorland's definition is indicated at this time; and 

(D) Discuss if the tumor indicated in the 2015 findings changed significantly or was essentially the same as the finding made following the 2016 studies.

Please provide the basis for any diagnosis and a complete rationale, including a reasoned medical explanation, for any opinion. If medical literature is used, please provide a citation. If the examiner finds that an opinion cannot be rendered regarding nature and etiology of chondrosarcoma without resorting to speculation, the examiner should state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or by the examiner (does not have the knowledge or training). 

2. Ensure that the addendum opinion complies with this remand and answers the questions presented herein. If insufficient, it should be returned to the examiner for necessary corrective action, as appropriate. 

3. After completing the above, readjudicate the claim. If the benefit requested on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be furnished a supplemental statement of the case, which addresses all of the evidence obtained after the issuance of the last supplemental statement of the case, and provided an opportunity to respond. The case should then be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).